Edwards, Ch. J.
now-(a) delivered the following opinion of the court: — This is a suit instituted by Cox, to obtain a decree against Smyth, for land, claimed by both of them.. His. bill was dismissed, with costs, by the general court ; after which, he removed the suit into this court, by writ of error. • It appears that the contest was first submitted to arbitration, and an award,rendered, which, is as follows “ The subscribers mutually chosen to award and finally, determine a certain matter ip dispute between, David Cox and Samuel Smyth, gentlemen, relating to a certain. 1000. acres, entry of said Smyth, and a certain 297 acres entry of; said Cox, on. Cox’s creek ; which two ,entries interfere haying mutually considered the dates and specialty, of the above entries, do, award, that the said Smyth’s entry and survey, so far as they affect said Cox’s entry,.do have the preference ; and that the said Cox’s entry, so far as it interferes with said Smyth’s entry, .be of no further, va-
This award was signed and sealed by the arbitrators*, on the 28th day of September 1785 ; and the parties in- ., dorsed thereon, that they agreed to (he award. Moreover, Cox, in his bill, and Smyth, in his answer, seem to be willing to abide by the. award ; and the court would most certainly enforce it, were it not materially defective in itself, as well as the exhibits to support it.
Sjujyth’s survey, now shewn, is.,dated July 28th 1797. *412 And although it is proven that he had made a survey ort the land prior to the award, and that Cox was present, it is not proven that it was laid before the arbitrators ; or that the lines thereof, were the same with the lines of this survey, on which he obtained a grant. The arbitrators determined “ that the said Smyth’s entry and survey, so far as they affect the said Cox’s entry, shall have the preference.” Which leaves it doubtful, whether they were of opinion, that Smyth’s entry and survey covered the same ground, or that Smyth’s claim should have the preference, so far only, as his entry and survey were conformable to each other. The latter is the most probable'; because they immediately add, “ that the said Cox’s entry, so far as it interferes with the said Smyth’s entry, be of no further validity.” And certainly the latter meaning is the most rational and equitable.
But on the first construction, the award is a mere mil-lity ; because the survey alluded to, is not exhibited : and the second construction is equally uncertain ; because it does not give any precise form and situation to Smyth’s entry. To say the most, it only unequivocally gave sanction to Smyth’s entry; which may be of but little consequence, as he has the elder grant.
The court is, therefore, driven into the investigation of Cox’s entry, he being complainant in the court below. It is as follows : “January 16th 1783, David Cox enters 297 acres, on part of a treasury warrant, No. 10,047, on the waters of Cox’s creek ; adjoining his pre-emption on the south-west, and Andrew' Vaughan 0⅛ the westj and Zebulon Collins on the north-east ; to extend north-wardly for quantity.” It appears that David Cox’s preemption was surveyed in 1781, and that Zebulon Collins’s claim was surveyed in 1782 ; that is to say, prior to the date of Cox’s entry now in question.
It may be urged, with plausibility, that these surveys were intended, and that Cox has sufficiently established the situation of the north-eastern and south-western boundaries of his entry ; more especially, as Smyth has not put their notoriety in issue, either directly, or by implication. But leaving this point undecided, it will only be necessary to observe, that Cox’s entry also calls for f‘ Andrew Vaughan, on the west, and to extend north-wardly for quantity.” This entry was made prior to Vaughan’s survey; therefore, it could not have beenin^- *413 tended,that the entry should adjoin the survey's and Vaughan’s entry, which is an essential part of Cox’s entry, is not exhibited, to shew that Vaughan’s survey has been made agreeably to his entry : so that Cox’s eastern boundary, or rather his southern boundary, cannot be ascertained. Indeed, it seems, that “ to adjoin Andrew Vaughan on the west,” must be considered as the first and principal call in Cox’s entry, which formed his base ; and until that is fixed, it cannot be ascertained how far his claim ought to be extended northwardly ; and different positions of Vaughan’s entry might be supposed, which would leave out the whole of the land covered by Cox’s entry, in one way, which would be covered in another. This being the case, Cox’s entry must be considered as uncertain and void.-Decree affirmed.

 May 18th.